Nash v Walker Mem. Baptist Church, Inc. (2023 NY Slip Op 05447)

Nash v Walker Mem. Baptist Church, Inc.

2023 NY Slip Op 05447

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Rodriguez, JJ. 

Index No. 28989/17 43139/18 43273/18 Appeal No. 904 Case No. 2023-00023 

[*1]Curtis Nash, Plaintiff,
v
Walker Memorial Baptist Church, Inc., et al., Defendants.
Walker Memorial Baptist Church, Inc., Third-Party Plaintiff-Appellant,
v
Rosalyn Yalow Charter School, Third-Party Defendant-Respondent, Eden General Construction, Inc., et al., Third-Party Defendants. [And Other Third-Party Actions].

De Luca Levine LLC, New York (Kenneth T. Levine of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Dennis C. Valet of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered June 8, 2022, which granted the motion of third-party defendant/second third-party plaintiff Rosalyn Yalow Charter School to enforce a settlement agreement with defendant/third-party plaintiff Walker Memorial Baptist Church, Inc., unanimously affirmed, without costs.
This appeal arises out of an agreement in which the parties agreed to settle a personal injury action. In that action, plaintiff sought damages after he was injured while working for Rosalyn, which had leased a building owned by Walker. Plaintiff sued Walker, alleging that it had been negligent in its duty to maintain the premises; Walker then filed a third-party action against Rosalyn seeking contractual indemnification based on the lease between them.
During a virtual mediation session, the parties and their insurance carriers reached an agreement concerning the amounts that would be paid to plaintiff. The agreement also specified that Walker's insurance carrier, Philadelphia Indemnity Insurance Company (PIIC), reserved its rights against nonparty Munich Re Insurance, Rosalyn's excess liability carrier. The mediator memorialized these terms in a postmediation agreement, which also contained language specifying that each party released the others from all claims or liability arising from the matter. Soon after the mediation session concluded, in response to an email from Munich Re's counsel, Walker's counsel confirmed that the settlement resolved all direct claims and third-party claims; the email did not reserve any specific claims. Several other emails among the parties and the court followed, indicating that the matter had been settled. Walker later took the position that PIIC's request to reserve its rights included the third-party claims against Rosalyn.
Supreme Court correctly determined that a binding settlement existed between Walker and Rosalyn and that Walker released its third-party contractual indemnity claim. No party disputes that Walker's counsel had authority to accept the settlement, and that the confirmation email he sent to Munich Re's counsel came from his email account. Counsel's email did not contain any language setting conditions on the settlement or explicitly reserving any specific claims (see Philadelphia Ins. Indem. Co. v Kendall, 197 AD3d 75, 80 [1st Dept 2021]).
Furthermore, the postmediation agreement and confirmatory email from Walker's counsel contained all material terms, as the only relevant issues were the amounts that would be paid to plaintiff by the parties and their insurance carriers, and whether all claims had been resolved by the settlement agreement (see Rawald v Dormitory Auth. of the State of N.Y, 199 AD3d 477, 477 [1st Dept 2021]). The emails that followed also indicated that Walker intended to be bound by the agreement reached during the mediation session and did not intend to pursue further litigation against Rosalyn. Even though the postmediation agreement was unsigned [*2]because of the virtual nature of the mediation session, objective evidence established that the parties intended to be bound and corroborated the existence and terms of the agreement (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]).
We reject Walker's assertion that there was no consideration for the release of its third-party contractual indemnification claim, as Rosalyn's agreement to settle all of its claims and cross-claims constituted sufficient consideration (see Denburg v Parker
Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]; Daniel Goldreyer, Ltd. v Van de Wetering, 217 AD2d 434, 439 [1st Dept 1995]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023